UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KELVIN C. THOMPSON, )
      Plaintiff, )
)
v. ) No. 4:19-CV-2115-CDP
)
SOCIAL SECURITY ADMINISTRATION, )
)
      Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Kelvin C. Thompson's application to proceed in district court without prepaying fees or costs. Upon consideration of plaintiff's financial information, his application will be granted. Additionally, for the reasons explained below, the Court will dismiss plaintiff's complaint.[1]

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether a complaint states a plausible claim for relief, a court must assume the veracity of well-pleaded facts, but need not accept as true

---

[1] Plaintiff's allegations are similar to those he alleged in another case pending before me, *Thompson v. Social Sec. Admin.*, No. 4:19-CV-2110-CDP (filed Jul. 19, 2019), which I also will dismiss on initial review.

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

**The Complaint**

Plaintiff files this civil suit against the Social Security Administration, citing the following bases for federal question jurisdiction: Titles VI and VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866 (§ 1981), Title II of the Americans with Disabilities Act of 1990, 18 U.S.C. §§ 241-242, 245, and the Age Discrimination Act of 1975. His allegations arise out of his interactions with employees of the Social Security Administration.[2]

Because of plaintiff's prolific and interrelated filings against the Social Security Administration, the Court will quote his complaint in full. It states as follows:

> [O]n July 3, 2019, July 15, 2019, July 17, 2019 and July 19, 2019 reported in person to Social Security Office that my check hadn't made it to my PO BOX for the second consecutive month. On all above dates they refused to allow me to speak with supervisor or manager about this. Nor would they allow me the right to schedule an appointment. Today July 22, 2019 I went to three Social Security Offices and they refuse to service me and provide me with an emergency check. This is a violation of my civil rights to fair and impartial treatment.

For relief, plaintiff seeks $100,000 in compensatory damages and $1,000,000 in punitive damages.

---

[2] In addition to the other case pending before me against the SSA, plaintiff has filed a third case against the SSA in this Court: *Thompson v. SS Admin. Office*, No. 4:19-CV-1922-SNLJ (filed Jul. 11, 2019). He has filed nine other cases with this Court in the past month: *Thompson v. FBI*, 4:19-CV-2134-SNLJ (filed Jul. 23, 2019); *Thompson v. Creve Coeur Police Dep't*, 4:19-CV-2138-NCC (filed Jul. 24, 2019); *Thompson v. St. Louis Metro. Police Dep't*, No. 4:19-CV-2139 (filed Jul. 24, 2019); *Thompson v. Eckles*, No. 4:19-CV-2145-AGF (filed Jul. 25, 2019); *Thompson v. St. Louis Metro. Police Dep't*, No. 4:19-CV-2300-CDP (filed Aug. 5, 2019); *Thompson v. Marcantano*, No. 4:19-CV-2301-CAS (filed Aug. 5, 2019); *Thompson v. Normandy Police Dep't*, 4:19-CV-2307-SPM (filed Aug. 6, 2019); *Thompson v. Ferguson Police Dep't*, No. 4:19-CV-2308-SNLJ (filed Aug. 6, 2019); *Thompson v. Harrison*, 4:19-CV-2312-HEA (filed Aug. 7, 2019).

## Discussion

Plaintiff's complaint will be dismissed on initial review. Plaintiff states his claims arise under various federal laws. However, none are availing. There is no indication plaintiff had an employment relationship with the defendant or any person mentioned in the complaint; therefore Title VII of the Civil Rights Act is inapplicable. Plaintiff does not allege he suffers from a disability, nor does he set forth any allegations that he is a member of a protected class or that the defendant purposefully and intentionally discriminated against him because of his race, color or national origin. Therefore, the ADA, Title VI of the Civil Rights Act, the Rehabilitation Act, and § 1981 are unavailing. Sections 241-242 and 245 of Title 18 are criminal statutes that provide no basis for any private cause of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241 . . ."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Roberson v. Pearson*, 2012 WL 4128303, *1 (D. Minn. 2012) (18 U.S.C. § 245 is a federal criminal statute that does not provide for a private right of action). Also, plaintiff does not have a legally cognizable interest in having another person arrested or charged with a crime, nor can this Court compel a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Additionally, this action is barred by the doctrine of sovereign immunity. An action brought against a federal agency like the SSA is essentially one brought against the United States. "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. Partnership v. Department of Housing and Urban*

*Development*, 235 F.3d 1109, 112 (8th Cir. 2000). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" by Congress. *United States v. King*, 395 U.S. 1, 4 (1969).

A limited waiver of sovereign immunity permitting review of the denial of social security disability exists in 42 U.S.C. § 405(g). In relevant part, that statute provides: "Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain judicial review of such decision by a civil action . . ."). Here, plaintiff does not allege that he intends to challenge a final decision of the Commissioner of Social Security. Instead, he attempts to bring claims against the SSA for compensatory and punitive damages because its employees refused to allow him to speak to a manager, schedule an appointment, or write him an emergency check. Plaintiff has not demonstrated waiver of sovereign immunity relative to such claims.

For the foregoing reasons, the Court will order this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot.** [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of August, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE